IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:18-cr-52-1

DEVIN D. EDMONDS,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Government's objection to the Criminal History Category calculation of the Presentence Investigation Report ("PSR") (ECF No. 39). For the following reasons, the Government's objection was overruled and the Criminal History Category calculation of the PSR was adopted as written.

## BACKGROUND

In this case, Defendant Devin D. Edmonds pleaded guilty to Count 1 of a Criminal Information charging Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Before sentencing, United States Probation Officer Diane C. Moczydlowski prepared a PSR that calculated Edmonds' Offense Level to be 12 and his Criminal History Category to be III (5 Criminal History Points). PSR 11, 16. There were initially no objections to that PSR.

Several of the entries in the Criminal History section of the PSR were not counted towards Edmonds' Criminal History Category based

on United States Sentencing Guidelines ("USSG" or "Guidelines") Section 4A1.2(c), which excludes from the Criminal History Category calculation enumerated misdemeanor or petty offenses (and those similar to them). See PSR 8-10; USSG § 4A1.2(c) (2016). Under USSG § 4A1.2(c)(1), certain offenses are excluded so long as they did not result in, inter alia, "a term of imprisonment of at least thirty days." USSG § 4A1.2(c)(1).[1]

Two of Edmonds' convictions that were excluded under USSG § 4A1.2(c) concerned the Court:

> Driving on Suspended License (Richmond City General District Court, Conviction Date: 3/25/2009): 30 days' incarceration, with 20 days suspended for a period of 1 year, conditioned upon good behavior; a $200 fine; license suspended for 90 days; and court costs.

> Driving Under Revocation or Suspension 4th Offense (Henrico County General District Court, Conviction Date: 6/23/2016): 90 days' incarceration, with 80 days suspended; license suspended for 90 days; and court costs.

PSR 8, 10-11 (paragraphs 29 and 33). Those convictions gave the Court pause because they resulted in sentences of thirty days or more but were partially suspended, so that the "active" portions were shorter than thirty days. See PSR 8, 10. A review of the relevant case law revealed several unpublished Fourth Circuit opinions holding that even suspended sentences are counted towards the "thirty day

---

[1] The Court refers to this aspect of USSG § 4A1.2(c)(1) as the "thirty day threshold."

threshold" under USSG § 4A1.2(c)(1). See United States v. Tilley, 655 F. App'x 172, 173 (4th Cir. 2016) (per curiam); United States v. Morton, 239 F. App'x 798, 803-04 (4th Cir. 2007) (per curiam); United States v. Washington, 202 F.3d 262, 1999 WL 1255738, at *1 (4th Cir. 1999) (table) (per curiam). Consequently, under the reasoning of those opinions, the above convictions would result in the assessment of Criminal History Points and would affect Edmonds' Criminal History Category.

In light of the Court's concerns, it ordered supplemental briefing on the issue of how properly to assess the above convictions and the correct Criminal History Category for Edmonds. See ORDER (ECF No. 41). At the sentencing hearing held on August 24, 2018, the Government raised an objection to the PSR in perspective of the Court's ORDER (ECF No. 41), and the parties further argued the matter. The Court overruled the Government's objection and concluded that the PSR's Criminal History Category calculation should be adopted as tendered. The Court thereafter issued an ORDER (ECF No. 45) to that effect. This Opinion sets out the Court's reasoning.

## DISCUSSION

The Government argues that suspended sentences should satisfy the thirty day threshold under USSG § 4A1.2(c)(1). See Gov't Br. 1-3 (ECF No. 42). Edmonds takes the opposite position. Def. Opp'n 1-2 (ECF No. 43). The Court agrees with Edmonds.

3

## I.  USSG § 4A1.2(c) & Related Provisions

### A.  USSG § 4A1.2(c)

As noted above, under USSG § 4A1.2(c), certain misdemeanor and petty offenses are not counted in the calculation of a defendant's Criminal History Category. USSG § 4A1.2(c). USSG § 4A1.2(c)(1) describes several offenses that do not count for that calculation unless specific criteria are met. Id. § 4A1.2(c)(1). Importantly, an offense listed under USSG § 4A1.2(c)(1) does receive Criminal History Points if the offense resulted in a sentence that was "a term of imprisonment of at least thirty days." Id.[2]

### B.  Other Provisions of the Guidelines

Several other provisions of the Guidelines relate to the resolution of the issues discussed herein.

Under USSG § 4A1.1, Criminal History Points are assessed based on the following schedule:

> (a)  Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b)  Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c)  Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

---

[2] The other criteria are not at issue here.

4

USSG § 4A1.1.

"Prior sentence," as used in USSG § 4A1.1, is defined at USSG § 4A1.2(a). See USSG §§ 4A1.1 cmt. ns. 1-3, 4A1.2(a). USSG § 4A1.2(a)(1) teaches that "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." Id. § 4A1.2(a)(1). And, under USSG § 4A1.2(a)(3), "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c)." Id. § 4A1.2(a)(3).

"Sentence of imprisonment," as used in USSG § 4A1.1, is defined at USSG § 4A1.2(b). See USSG §§ 4A1.1 cmt. ns. 1-2, 4A1.2(b). USSG § 4A1.2(b) provides:

> (1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.
>
> (2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

Id. § 4A1.2(b). The commentary to USSG § 4A1.2(b) offers further guidance. It instructs:

> To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . . See §4A1.2(a)(3) and (b)(2). For the purposes of applying §4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., in the case of a determinate sentence of

five years, the stated maximum is five years;
in the case of an indeterminate sentence of one
to five years, the stated maximum is five years;
in the case of an indeterminate sentence for a
term not to exceed five years, the stated
maximum is five years; in the case of an
indeterminate sentence for a term not to exceed
the defendant's twenty-first birthday, the
stated maximum is the amount of time in
pre-trial detention plus the amount of time
between the date of sentence and the defendant's
twenty-first birthday). That is, criminal
history points are based on the sentence
pronounced, not the length of time actually
served. See §4A1.2(b)(1) and (2).

Id. § 4A1.2 cmt. n.2.

## II. The Contrasting Views Respecting Whether Suspended Sentences Satisfy the Thirty Day Threshold Under USSG § 4A1.2(c)(1)

As noted above, the Fourth Circuit has held, in unpublished
decisions, that suspended sentences satisfy the thirty day threshold
under USSG § 4A1.2(c)(1). That is also the view taken by the Fifth
Circuit. The Government here agrees. Several Courts of Appeals,
however, have concluded that suspended sentences do not count towards
the thirty day threshold. That is the view of Edmonds.[3,4]

---

[3] Although not binding, the Sentencing Commission staff and the
Probation Office also have concluded that suspended sentences should
not count towards the thirty day threshold.

[4] The Eleventh Circuit has issued conflicting decisions on this
question.

6

**A.** **The View that Suspended Sentences Satisfy the Thirty Day Threshold**

**1.** **The Fourth Circuit Decisions**

The Fourth Circuit has issued three unpublished decisions that have held that suspended sentences may be considered in evaluating the thirty day threshold under USSG § 4A1.2(c)(1).

First, in United States v. Washington, 202 F.3d 262, 1999 WL 1255738 (4th Cir. 1999) (table) (per curiam), the defendant received "six criminal history points based on four convictions for driving with a revoked license (two offenses), driving after drinking, and driving while impaired" that resulted in suspended sentnces. Id. at *1.[5] The defendant argued, inter alia, "that his [plea] agreement was conditioned on being properly sentenced according to the Guidelines, and that did not happen in his case." Id. The Fourth Circuit disagreed, holding:

> The Guidelines expressly state that the offenses in question should be counted. See USSG § 4A1.2(c)(1) and comment. (n. 5). Although the Guidelines do not specifically address suspended sentences in the context of this case, Washington cites to no authority, nor do we find any, supporting his claim that suspended sentences should not be counted. To the contrary, when considering terms of imprisonment, the focus is on "the sentence

---

[5] "Driving without a license or with a revoked or suspended license" is an offense listed under USSG § 4A1.2(c)(1). See USSG § 4A1.2(c)(1). Note that convictions for "driving while intoxicated" or the like "are always counted" in assessing Criminal History Points. See id. § 4A1.2 cmt. n.5.

pronounced, not the length of time actually served." USSG § 4A1.2, comment. (n. 2). While Washington was not sentenced to an active term of imprisonment, we nevertheless find this language persuasive.

Id.

Second, in United States v. Morton, 239 F. App'x 798 (4th Cir. 2007) (per curiam), the defendant received Criminal History Points for the following sentences: (1) "thirty days' imprisonment, suspended conditioned upon good behavior" for "driving while under a suspended license"; and (2) "a ninety-day term of imprisonment, eighty days of which were suspended conditioned upon three years of good behavior" for "driving while under a suspended license, second or subsequent offense." Id. at 803-04. The defendant argued that he should not have received Criminal History Points. Id. at 803. The Fourth Circuit analyzed the issue as follows:

> The language of the Guideline clearly demonstrates that, in determining whether the conviction should be counted, it is not the amount of time the defendant actually serves that controls; instead, the sentencing court must look to the term of imprisonment imposed. [USSG § 4A1.2(c)(1)]; see also USSG § 4A1.2, cmt. n. 2 (2005) ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served.").
>
> . . . . With regard to the first conviction, the suspension of the sentence in its entirety does not alter the fact that Morton was actually sentenced to thirty days' imprisonment. USSG § 4A1.2(a)(3) (2005). Accordingly, the district court did not err in awarding one criminal history point for this conviction.

> With regard to the second or subsequent
> suspended license conviction, Morton served ten
> days on the ninety day sentence he received.
> This is plainly sufficient to support the
> imposition of one criminal history point. USSG
> § 4A1.2, cmt. n. 2. The district court committed
> no error in adopting the PSR's calculation of
> Morton's criminal history.

Id. at 804.

Finally, in United States v. Tilley, 655 F. App'x 172 (4th Cir. 2016) (per curiam), the defendant "received a 30-day suspended sentence and 12 months of unsupervised probation" for disorderly conduct, and the district court added a Criminal History Point. See id. at 172-73.[6] The defendant asserted on appeal that he should not have received that point. Id. The Court of Appeals held:

> The court looks to the term of imprisonment
> imposed—not the amount of time the defendant
> actually serves—in order to determine whether
> to assess criminal history points for a prior
> conviction. [USSG § 4A1.2(c)(1)]; see USSG §
> 4A1.2 cmt. n.2 (2014) ("[C]riminal history
> points are based on the sentence pronounced, not
> the length of time actually served.").
>
> Here, Tilley was sentenced to thirty days'
> imprisonment on the disorderly conduct offense.
> Although this sentence was suspended, the
> Guidelines provide that a totally suspended
> sentence "shall be counted as a prior sentence
> under § 4A1.1(c)." USSG § 4A1.2(a)(3). Because
> the sentence imposed on Tilley for the
> disorderly conduct offense was "at least thirty
> days," the court properly assessed one criminal

---

[6] "Disorderly conduct or disturbing the peace" is also an offense listed under USSG § 4A1.2(c)(1). See USSG § 4A1.2(c)(1).

history point for this sentence. USSG §
4A1.2(c)(1)(A).

Id. at 173.

These decisions reveal that the Fourth Circuit's view is that
both totally and partially suspended sentences can satisfy the thirty
day threshold under USSG § 4A1.2(c)(1). As to totally suspended
sentences, the Fourth Circuit relies upon USSG § 4A1.2(a)(3), the
provision which states that "[a] conviction for which the imposition
or execution of sentence was totally suspended or stayed shall be
counted as a prior sentence under §4A1.1(c)," and/or the portion of
application note 2 to USSG § 4A1.2 that provides that "criminal
history points are based on the sentence pronounced, not the length
of time actually served." See USSG §§ 4A1.2(a)(3), 4A1.2 cmt. n.2.
As to partially suspended sentences, the Fourth Circuit relies
entirely on application note 2 to USSG § 4A1.2.

### 2.    Other Court of Appeals Decisions

The Fourth Circuit's position is supported by decisions
rendered by other Courts of Appeals. See United States v. Hernandez,
160 F.3d 661, 670-71 (11th Cir. 1998); United States v. Calmes, 142
F.3d 1279, 1998 WL 224511, at *2-3 (5th Cir. 1998) (table) (per
curiam).

In Hernandez, the Eleventh Circuit's analysis largely aligned
with that of the Fourth Circuit. It relied on USSG § 4A1.2(a)(3) to

10

hold that totally suspended sentences count towards the thirty day threshold. <u>Hernandez</u>, 160 F.3d at 670-71, 671 n.7.

In <u>Calmes</u>, the Fifth Circuit took a somewhat different approach. It suggested that suspended sentences are "prior sentences" under USSG § 4A1.2(a)(3) that result in Criminal History Points. <u>Calmes</u>, 1998 WL 224511, at *2. It also recognized that, pursuant to USSG § 4A1.2(b)(2), "[i]f a [sic] part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to that portion that was not suspended." <u>Id.</u> (citations omitted). However, it reasoned that USSG § 4A1.2(c)(1) employs the phrase "term of imprisonment" rather than "sentence of imprisonment," and it therefore held that a suspended sentence could count for purposes of the thirty day threshold. See <u>id.</u> at *2-3.[7]

**B.** **The View that Suspended Sentences Do not Satisfy the Thirty Day Threshold**

The perspective of several Courts of Appeals conflicts with that set out above. See <u>United States v. Erland</u>, 352 F. App'x 363, 364-65

---

[7] The Fifth Circuit analyzed the issue in a manner similar to the Fourth Circuit in <u>United States v. Olea-Rivera</u>, 318 F. App'x 292 (5th Cir. 2009) (per curiam). There, the Court of Appeals relied upon USSG § 4A1.2(a)(3) to support the view that totally suspended sentences count towards the thirty day threshold. <u>Id.</u> at 293-94. However, in a later case, the Fifth Circuit minimized the analytical portion of <u>Olea-Rivera</u>, concluding that it had "rejected [the current defendant's] argument in [Olea-Rivera], by holding that any error was not plain because there was no precedent in this circuit that supported the defendant's argument." See <u>United States v. Posadas</u>, 544 F. App'x 478, 479 (5th Cir. 2013) (per curiam).

(11th Cir. 2009) (per curiam);[8] <u>United States v. Tomac</u>, 567 F.3d 383, 386 (8th Cir. 2009); <u>United States v. Gonzales</u>, 506 F.3d 940, 942-45 (9th Cir. 2007) (en banc); <u>United States v. Moreno</u>, 104 F. App'x 702, 703-04 (10th Cir. 2004) (unpublished); <u>United States v. Reuer</u>, 39 F. App'x 159, 161-62 (6th Cir. 2002) (unpublished). These decisions mainly take the view that the definition of "sentence of imprisonment" in USSG § 4A1.2(b) also applies to the phrase "term of imprisonment" in USSG § 4A1.2(c)(1) and, therefore, that USSG § 4A1.2(b) limits the extent to which suspended sentences may count for purposes of the thirty day threshold. See <u>Erland</u>, 352 F. App'x at 364-65; <u>Tomac</u>, 567 F.3d at 386; <u>Gonzales</u>, 506 F.3d at 943-45; <u>Moreno</u>, 104 F. App'x at 703-04; <u>Reuer</u>, 39 F. App'x at 162.

Most of these opinions simply hold that, because, pursuant to USSG § 4A1.2(b)(2), "'sentence of imprisonment' refers only to the portion that was not suspended," the suspended portion of a sentence cannot constitute "a term of imprisonment of at least thirty days" under USSG § 4A1.2(c)(1). See <u>Erland</u>, 352 F. App'x at 364-65; <u>Tomac</u>, 567 F.3d at 386; <u>Moreno</u>, 104 F. App'x at 703-04; <u>Reuer</u>, 39 F. App'x at 162. The Ninth Circuit in <u>Gonzales</u>, however, provided a more

---

[8] Curiously, the Eleventh Circuit issued this unpublished decision after its previous <u>published</u> decision in <u>Hernandez</u>. The only apparent distinction between them is that <u>Erland</u> dealt with partially suspended sentences whereas <u>Hernandez</u> dealt with totally suspended sentences. <u>Compare</u> <u>Erland</u>, 352 F. App'x at 364-65, <u>with</u> <u>Hernandez</u>, 160 F.3d at 670-71. But, the language of <u>Erland</u> does not suggest that such a distinction was considered. <u>See</u> <u>Erland</u>, 352 F. App'x at 364-65.

comprehensive analysis of the suspended sentence issue and the overarching structure of USSG § 4A1.2:

> Gonzales argues that because his thirty-day sentence for driving with a suspended license was entirely suspended, it should have been excluded under U.S.S.G. § 4A1.2(c)(1) (2003). We agree. Section 4A1.1 instructs that the following points be added to a defendant's criminal history score for prior criminal sentences: . . . .[9] The Application Notes to § 4A1.1(c) direct us to the definition of "prior sentence" in § 4A1.2(a).

> Section 4A1.2(a)(1) defines "prior sentence" . . . . Section 4A1.2(a)(3) further provides that a totally suspended sentence "shall be counted as a prior sentence under § 4A1.1(c)." This is the provision upon which the <u>Williams</u> opinion rested. As the government notes, however, the <u>Williams</u> analysis failed to account for § 4A1.2(b)-(c) and the related Commentary.

> Section 4A1.2(b)(1) states that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." The corresponding Application Notes state that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." In other words, a "sentence of imprisonment" requires a period of confinement. Section 4A1.2(b)(2) further provides that if a sentence is partially suspended, the "sentence of imprisonment" refers only to the non-suspended portion. Therefore, while a totally suspended sentence could never result in additional criminal history points under § 4A1.1(a) or (b), it could result in one additional point under § 4A1.1(c), depending on the nature of the prior offense and

---

[9] See <u>supra</u> Part I.B.

whether or not the prior offense is deemed "countable" under that section.

The Application Note for § 4A1.1(c) makes clear that "[s]entences for certain specified non-felony offenses are counted only if they meet certain requirements" as outlined by § 4A1.2(c)(1). In § 4A1.2(c)(1), the Sentencing Commission has specified which sentences should or should not be counted . . . .

The issue before us is whether a totally suspended thirty-day sentence constitutes a "term of imprisonment" of at least thirty days. While "term of imprisonment" is not specifically defined, "sentence of imprisonment" is clearly defined by § 4A1.2(b)(1) and the corresponding Application Notes. A plain reading of § 4A1.2(c)(1) suggests that, in this context, the phrases are interchangeable. . . .

We agree with the government that at least as used in this provision in Chapter Four of the Guidelines Manual, there is no meaningful distinction discernable between the phrase "the sentence was . . . a term of imprisonment" and the phrase "sentence of imprisonment," which is fully defined in § 4A1.2(b), the preceding subsection. Because the only logical conclusion is that the requirement of actual incarceration also applies to "term of imprisonment," a totally suspended sentence for a qualifying misdemeanor, regardless of its length, cannot be counted as a prior sentence. In other words, while a totally suspended sentence is a "prior sentence" under § 4A1.2(a)(3), it is not necessarily "counted" in the calculation of a defendant's criminal history score. Moreover, a partially suspended sentence for a misdemeanor listed in § 4A1.2(c)(1) counts only if the non-suspended portion of the sentence is at least thirty days.

Gonzales, 506 F.3d at 943-45 (citations omitted). The Gonzales court further observed:

> As discussed above, however, "[t]he real issue is not whether [the suspended] sentence is a 'prior sentence,' but rather whether or not it is a 'countable' sentence under the Guidelines," as our sister circuits have recognized. Certain suspended sentences, such as sentences for felonies and non-qualifying misdemeanors, are countable "prior sentences," resulting in one additional criminal history point under § 4A1.1(c). However, totally suspended sentences for qualifying misdemeanors listed in § 4A1.2(c)(1) are not.

Id. at 945 (citations omitted).

## C.    The Parties' Arguments

### 1.    The Government's View

The Government largely adopts the Calmes analysis (although it neglects to cite that opinion). See Gov't Br. 2-3. It explains that sentences covered by USSG § 4A1.2(c)(1) are "prior sentences," which should result in Criminal History Points even if suspended. See Gov't Br. 2-3. And, it contends that USSG § 4A1.2(b) and its related commentary, which limit the extent to which suspended sentences may be considered a "sentence of imprisonment," are inapplicable to USSG § 4A1.2(c)(1) because that provision: "does not incorporate the term 'sentence of imprisonment.' Instead, it refers to a 'term of imprisonment.'" Gov't Br. 2-3, 3 n.1.

Furthermore, the Government argues that the approaches of the Fourth Circuit in Tilley and Morton, and of the Fifth Circuit in

15

United States v. Olea-Rivera, 318 F. App'x 292 (5th Cir. 2009) (per curiam),[10] support its position. See Gov't Br. 3-4.[11] And, it distinguishes Gonzales by stating:

> Nevertheless, in United States v. Gonzales, 506 F.3d 940 (9th Cir. 2007), the Ninth Circuit held that the phrase "term of imprisonment" and "sentence of imprisonment" meant the same thing . . . . However, the court offered no basis for reaching this conclusion. In essence, it replaced one term for another without recognizing that the phrase "prior sentence" was explicitly meant to cover any other type of sentence that was not otherwise defined in the sentencing guidelines. And, similarly, the term "sentence of imprisonment" was explicitly meant to cover a particular type of sentence and was so defined in the sentencing guidelines. Accordingly, the Ninth Circuit's analysis served to limit the broader definition of "prior sentence" by removing from its ambit the phrase "term of imprisonment," while simultaneously broadening the limited definition of "sentence of imprisonment" by adding to its definition the phrase "term of imprisonment."

Gov't Br. 4 (citations omitted). The Government additionally raises a "slippery slope" concern that, by altering the scope of definitions in the Guidelines without a "principled approach," "a court could reduce the sentencing guidelines to irreconcilably divergent interpretations across jurisdictions, which would pose problems to both defendants and the United States." Gov't Br. 4.

---

[10] See supra text accompanying note 7.

[11] The Government somewhat qualified this point as to the Fourth Circuit decisions, however, during the sentencing hearing.

### 2. Edmonds' View

Edmonds first asserts that the Fourth Circuit's (and hence the Government's) approach is erroneous. Def. Opp'n 2-5.

As for the Fourth Circuit's reliance on the statement in USSG § 4A1.2 cmt. n.2 that "criminal history points are based on the sentence pronounced, not the length of time actually served," Edmonds maintains that the Fourth Circuit's opinions "fail to turn to the guideline provisions that are cited <u>directly after that quote for that exact proposition</u> – USSG § 4A1.2(b)(1) and (2)," which contain the limitation that, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." <u>See</u> Def. Opp'n 4 (citations omitted). Furthermore, Edmonds suggests that application note 2 "is directed [sic] addressing unusual sentencing situations" and "does <u>not</u> apply to 'suspended sentences,'" which are covered by USSG § 4A1.2(b)(2). <u>See</u> Def. Opp'n 4 n.2.

As for the Fourth Circuit's reliance on USSG § 4A1.2(a)(3), Edmonds takes the view that:

> § 4A1.2(a)(3) is meant to apply to the <u>general group</u> of misdemeanors that fall outside for [sic] the <u>special group</u> exception outlined at USSG § 4A1.2(c)(1). The <u>special group</u> of misdemeanors falling under USSG § 4A1.2(c)(1) have heightened requirements, including that the underlying sentence involve "a <u>term of imprisonment</u> of at least thirty days." That unique requirement <u>goes beyond</u> USSG § 4A1.2(a)(3) and makes it inapplicable to this

17

> analysis. In fact, it kicks the misdemeanor
> conviction back into the "imprisonment"
> analysis associated with USSG § 4A1.1(a) and (b)
> (both focusing on "sentence of imprisonment")
> and USSG § 4A1.2(b) (defining "sentence of
> imprisonment" to include only the portion that
> was not suspended).

Def. Opp'n 5 (citations omitted).[12]

Edmonds next argues (relatedly) that "the 30 day 'term of imprisonment' requirement in USSG § 4A1.2(c)(1) moves the analysis beyond the 'prior sentence' framework outlined at USSG § 4A1.2(a)" and, instead, "shifts the focus to the 'sentence of imprisonment' definition" in USSG § 4A1.2(b). Def. Opp'n 5-6 (citations omitted). For support, he quotes the Ninth Circuit's decision in Gonzales. Def. Opp'n 6.

Finally, Edmonds contends that, even if the issue here is ambiguous, the rule of lenity should counsel in favor of adopting Edmonds' position. Def. Opp'n 6—7.

## III. Analysis

Having considered the text of the Guidelines, the relevant case law, and the parties' arguments, the Court is convinced that suspended sentences do not count towards the thirty day threshold under USSG § 4A1.2(c)(1).

---

[12] Edmonds also finds the Fifth Circuit's opinion in Olea-Rivera and the Eleventh Circuit's opinion in Hernandez to be unpersuasive on this ground. Def. Opp'n 5 n.3.

## A. The Precedential Effect of Unpublished Decisions

As an initial matter, it is important to note that unpublished decisions of the Fourth Circuit are not binding. Indeed, as the Fourth Circuit has observed (in published decisions), "ordinarily, unpublished opinions are not accorded precedential value but . . . 'are entitled only to the weight they generate by the persuasiveness of their reasoning.'" Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) (citations omitted). Thus, the Court is not constrained by Tilley, Morton, and Washington. For the Court to adopt their reasoning, it must find that reasoning to be persuasive.

With that in mind, the Court turns to the merits of the issue.

## B. Whether Suspended Sentences Satisfy the Thirty Day Threshold Under USSG § 4A1.2(c)(1)

An assessment of the text and structure of the Guidelines leads to the conclusion that suspended sentences are not to be considered for purposes of the thirty day threshold under USSG § 4A1.2(c)(1).[13]

---

[13] The Court recognizes that Edmonds' sentences were partially suspended. However, it is appropriate to consider the treatment of totally suspended sentences as well. First, that issue is inextricably linked to the overarching structure of USSG § 4A1.2, an understanding of which critical to a thorough and accurate interpretation of USSG § 4A1.2(c)(1), and the analyses applicable to totally and partially suspended sentences are connected in a variety of other ways as well. Second, if the Court were to limit its analysis to partially suspended sentences, it would leave that analysis open to the criticism that, in light of the Fourth Circuit's reasoning with respect to USSG § 4A1.2(a)(3), totally suspended

In that regard, the Court finds the reasoning in Gonzales to be highly compelling. Consequently, the following textual analysis is heavily informed and guided by that reasoning.

### 1. The Definition of "Prior Sentence" Under USSG § 4A1.2(a) & its Implications

To properly determine the meaning of USSG § 4A1.2(c)(1), it is important to understand the role of the "prior sentence" concept under USSG § 4A1.2(a). The Guidelines make plain that this role is simply to delineate the universe of potentially "countable" offenses; a sentence that falls within the definition of "prior sentence" does not per se result in Criminal History Points. See USSG §§ 4A1.1, 4A1.1 cmt. ns. 1-3, 4A1.2(a). Indeed, as application notes 1-3 to USSG § 4A1.1 expressly state, "[c]ertain prior sentences are not counted or are counted only under certain conditions." See id. § 4A1.1 cmt. ns. 1-3. And, the Background comment to USSG § 4A1.2

---

sentences do count towards the thirty day threshold, and the Guidelines could not have been designed to treat the various forms of suspended sentences differently. Cf. Gonzales, 506 F.3d at 946 (holding that the court's previous distinction between partially and totally suspended sentences could create "illogical and unjust results" because "a defendant . . . who received a wholly suspended thirty-day sentence would receive one criminal history point" but "a defendant convicted of the same offense who received a thirty-day sentence with one day suspended-thus actually serving twenty-nine days in jail-would not receive a criminal history point"). Third, and relatedly, it strengthens the Court's conclusion as to partially suspended sentences if the Guidelines do not permit any type of suspended sentence to satisfy the thirty day threshold. Finally, addressing the issue of totally suspended sentences allows the Court to assess the persuasiveness the Fourth Circuit's interpretation of USSG § 4A1.2 and suspended sentences generally (as well as the interpretations of other Courts of Appeals).

provides that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score . . . ." Id. § 4A1.2 cmt. Background.

USSG § 4A1.2(c)(1) serves as one of the limitations on when "prior sentences" result in Criminal History Points. Application note 3 to USSG § 4A1.1 instructs:

> §4A1.1(c). One point is added for each prior sentence not counted under §4A1.1(a) or (b) . . . . The term "prior sentence" is defined at §4A1.2(a).
>
> Certain prior sentences are not counted or are counted only under certain conditions:
>
> . . . .
>
> Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. See §4A1.2(c)(1).

USSG § 4A1.1 cmt. n.3 (emphasis added). In short, some subset of sentences are "prior sentences" and therefore "countable" for purposes of the Criminal History Category calculation, and some subset of those "prior sentences" are rendered "uncountable" by USSG § 4A1.2(c)(1).

With that textual analysis in mind, it is rather clear that we cannot rely upon USSG § 4A1.2(a) in interpreting the rules governing USSG § 4A1.2(c)(1) because USSG §§ 4A1.2(a) and 4A1.2(c)(1) pertain to entirely different steps in the USSG § 4A1.2 analysis. Indeed, by the time USSG § 4A1.2(c)(1) comes into play, the sentence at issue

21

must already have been found to be a "prior sentence," and USSG § 4A1.2(a) is no longer relevant. And, USSG § 4A1.2(a) does not, by its terms, say anything about how to understand USSG § 4A1.2(c)(1). See USSG § 4A1.2(a). Thus, we must look to other provisions of the Guidelines in ascertaining the meaning of USSG § 4A1.2(c)(1).

A corollary to this conclusion is that USSG § 4A1.2(a)(3), which provides that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c)," does not establish that suspended sentences can be used to satisfy the thirty day threshold under USSG § 4A1.2(c)(1). See USSG § 4A1.2(a)(3). As the Ninth Circuit reasoned, "[t]he real issue is not whether [the suspended] sentence is a 'prior sentence,' but rather whether or not it is a 'countable' sentence under the Guidelines." See Gonzales, 506 F.3d at 945 (citations omitted).[14]

2. "Term of Imprisonment" Under USSG § 4A1.2(c)(1) & "Sentence of Imprisonment" Under USSG § 4A1.2(b)

As set out above, the operative phrase under USSG § 4A1.2(c)(1) that is relevant here is "a term of imprisonment of at least thirty

_____

[14] There is one minor way in which USSG § 4A1.2(a) influences USSG § 4A1.2(c)(1). USSG § 4A1.2 cmt. n.2, the application note to USSG § 4A1.2(b), cites USSG § 4A1.2(a)(3) once. See USSG § 4A1.2 cmt. n.2. If (as the Court concludes) USSG § 4A1.2(c)(1) is defined by USSG § 4A1.2(b), then USSG § 4A1.2(a) has some bearing on the meaning of USSG § 4A1.2(c)(1). But, the citation is for a limited purpose and, in any event, supports the view that suspended sentences do not satisfy the thirty day threshold. That issue is discussed below.

days." See USSG § 4A1.2(c)(1). "Term of imprisonment" under USSG § 4A1.2(c)(1) is not defined, and, as just noted, we cannot look to USSG § 4A1.2(a) for guidance. However, USSG § 4A1.2(b) does define the similar term "sentence of imprisonment." See id. § 4A1.2(b).

It is clear from the language of USSG § 4A1.2 that "term of imprisonment" was intended to have the same meaning as "sentence of imprisonment." By its terms, USSG § 4A1.2(c)(1) refers to a "sentence" (of imprisonment): "if (A) the sentence was . . . a term of imprisonment of at least thirty days." See USSG § 4A1.2(c)(1) (emphasis added). Indeed, it would make little sense grammatically to use "sentence of imprisonment" in USSG § 4A1.2(c)(1). Doing so would require USSG § 4A1.2(c)(1) to contain the repetitive language: "if (A) the sentence was . . . a sentence of imprisonment of at least thirty days."

Furthermore, USSG § 4A1.2 frequently uses "term" to mean the length of a "sentence of imprisonment" or otherwise treats "term of imprisonment" as interchangeable with "sentence of imprisonment." For example, application note 2 to USSG § 4A1.2, the application note to USSG § 4A1.2(b), states:

> For the purposes of applying §4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., . . . in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed the defendant's twenty-first birthday, the stated maximum is

23

> the amount of time in pre-trial detention plus
> the amount of time between the date of sentence
> and the defendant's twenty-first birthday).

USSG § 4A1.2 cmt. n.2 (emphasis added).

Likewise, USSG § 4A1.2(k)(1) provides: "[i]n the case of a prior revocation . . . <u>add the original term of imprisonment to any term of imprisonment imposed upon revocation</u>. The resulting total is used to compute the <u>criminal history points for §4A1.1(a), (b), or (c)</u>, as applicable." USSG § 4A1.2(k)(1) (emphasis added). Criminal History Points are computed under USSG § 4A1.1 using the "sentence of imprisonment" metric. <u>Id.</u> § 4A1.1. And, application note 11, the application note to USSG § 4A1.2(k), clarifies that:

> Section 4A1.2(k) covers revocations of
> probation and other conditional sentences where
> <u>the original term of imprisonment</u> imposed, if
> any, did not exceed one year and one month.
> Rather than count the original sentence and the
> resentence after revocation as separate
> sentences, the sentence given upon revocation
> should be added to <u>the original sentence of
> imprisonment</u>, if any, and the total should be
> counted as if it were one sentence. . . .

> Where a revocation applies to multiple
> sentences, and such sentences are counted
> separately under §4A1.2(a)(2), add <u>the term of
> imprisonment</u> imposed upon revocation to the
> sentence that will result in the greatest
> increase in criminal history points. . . . If
> one sentence had been a "straight" probationary
> sentence and the other had been a probationary
> sentence that had required service of 15 days
> of imprisonment, <u>the revocation term of
> imprisonment</u> (45 days) would be added to the
> probationary sentence that had the 15-day <u>term
> of imprisonment</u>. This would result in a total

24

> of 2 criminal history points under §4A1.1(b)
> (for the combined 60-day term of
> imprisonment) . . . .

*Id.* § 4A1.2 cmt. n.11 (emphasis added); *see also id.* § 4A1.1(b) ("Add 2 points for each prior *sentence of imprisonment* of at least sixty days not counted in (a)." (emphasis added)).

Additionally, under USSG § 4A1.2(k)(2): "[f]or the purposes of determining the applicable time period [in the case of a revocation], use the following: (A) in the case of an adult *term of imprisonment* totaling more than one year and one month, the date of last release from incarceration on such sentence (*see* §4A1.2(e)(1))." USSG § 4A1.2(k)(2) (emphasis added). USSG § 4A1.2(e)(1) establishes the applicable time period for "[a]ny prior *sentence of imprisonment* exceeding one year and one month." *Id.* § 4A1.2(e)(1) (emphasis added).

In sum, the "term of imprisonment" under USSG § 4A1.2(c)(1) has the same meaning as "sentence of imprisonment" under USSG § 4A1.2(b).

### 3. The Application of USSG § 4A1.2(b) to USSG § 4A1.2(c)(1)

Having concluded that "term of imprisonment" means "sentence of imprisonment," the rest of the analysis falls into place quite logically. "[T]erm of imprisonment" under USSG § 4A1.2(c)(1) is governed by the standards applicable to USSG § 4A1.2(b). That provision states (in relevant part) that, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers

only to the portion that was not suspended." USSG § 4A1.2(b)(2). And, the commentary to USSG § 4A1.2(b) makes clear that, "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." Id. § 4A1.2 cmt. n.2. That sentence in the commentary, moreover, plainly relates to the distinction between suspended and active (or partially suspended) sentences, given that it concludes with a citation to USSG §§ 4A1.2(a)(3) and 4A1.2(b)(2) (the two provisions in USSG § 4A1.2 that address suspended sentences). See id.[15] Thus, to be a "term of imprisonment" under USSG § 4A1.2(c)(1), an active prison term must have been imposed, and, in calculating the length of a "term of imprisonment," only the non-suspended portion of a sentence can be considered. See id. § 4A1.2(c)(1).

It is true that, under USSG § 4A1.2 cmt. n.2, "criminal history points are based on the sentence pronounced, not the length of time

---

[15] The Court interprets that citation to be saying, in essence, that: a totally suspended sentence, such as described in USSG § 4A1.2(a)(3), could count as a "prior sentence," but it could not constitute a "sentence of imprisonment" because the defendant would not have "actually served" any time; in contrast, a partially suspended sentence, such as described in USSG § 4A1.2(b)(2), could count as a "sentence of imprisonment" because the defendant would have "actually served" time. See USSG § 4A1.2 cmt. n.2. Cf. Gonzales, 506 F.3d at 943 (interpreting USSG §§ 4A1.2(b) and 4A1.2 cmt. n.2, including the "actually served" language in USSG § 4A1.2 cmt. n.2, and stating that, "while a totally suspended sentence could never result in additional criminal history points under § 4A1.1(a) or (b), it could result in one additional point under § 4A1.1(c), depending on the nature of the prior offense and whether or not the prior offense is deemed 'countable' under that section").

actually served." USSG § 4A1.2 cmt. n.2. But, that statement appears within the application note to USSG § 4A1.2(b), application note 2, and is therefore qualified by the principles set out in USSG § 4A1.2(b) and application note 2 (such as those discussed in the previous paragraph). See id. Furthermore, that statement ends with a citation to USSG §§ 4A1.2(b)(1) and 4A1.2(b)(2), suggesting that a suspended portion of a sentence does not count as part of the "sentence pronounced." See id. Moreover, the statement is a clarification of the previous sentence in application note 2, which essentially just explains that, in the case of either a determinate or indeterminate sentence, the "sentence of imprisonment" is the "stated maximum." See id. And, the "stated maximum" does not appear to refer to suspended portions of sentences because USSG § 4A1.2(b)(1), which states that "sentence of imprisonment . . . refers to the maximum sentence imposed," is qualified by USSG § 4A1.2(b)(2), which excludes from the meaning of "sentence of imprisonment" the suspended portion of any sentence. See id. § 4A1.2(b).

Consequently, the Court concludes that a "term of imprisonment of at least thirty days" under USSG § 4A1.2(c)(1) must involve some active period of incarceration and does not include the suspended segment of a sentence. In short, both totally and partially suspended sentences do not count towards the thirty day threshold.

### 4. The Contrary Arguments

In light of the foregoing, it is clear that the arguments set out above that maintain that suspended sentences count towards the thirty day threshold under USSG § 4A1.2(c)(1) are not supported by the Guidelines.

First, the Fourth, Fifth, and Eleventh Circuits' use of USSG § 4A1.2(a)(3) to support the proposition that suspended sentences count towards the thirty day threshold is incompatible with the structure of USSG § 4A1.2. See Tilley, 655 F. App'x at 173; Olea-Rivera, 318 F. App'x at 294; Morton, 239 F. App'x at 804; Hernandez, 160 F.3d at 671. As explained above, the reasoning of those decisions conflates the inquiry into whether a sentence is a "prior sentence," and hence potentially countable for purposes of calculating Criminal History Points, with the inquiry into whether such a "prior sentence" may be excluded from that calculation by USSG § 4A1.2(c)(1), without any textual basis for doing so. Accordingly, the Court does not find those opinions to be persuasive.

Second, the Fourth Circuit's reliance upon the statement in USSG § 4A1.2 cmt. n.2 that "criminal history points are based on the sentence pronounced, not the length of time actually served" in holding that suspended sentences count as a "term of imprisonment of at least thirty days" is misplaced. See Tilley, 655 F. App'x at 173; Morton, 239 F. App'x at 804; Washington, 1999 WL 1255738, at

*1. By citing that statement, it seems that those opinions intended to define USSG § 4A1.2(c)(1) by reference to USSG § 4A1.2(b), given that the cited statement appears in application note 2, the application note to USSG § 4A1.2(b). See USSG § 4A1.2 cmt. n.2.[16] The decisions, however, failed to consider or apply any of the other principles applicable to USSG § 4A1.2(b) (indeed, they failed to mention USSG § 4A1.2(b) at all). See Tilley, 655 F. App'x at 173; Morton, 239 F. App'x at 804; Washington, 1999 WL 1255738, at *1. Had they done so, it is likely that they would have reached the same conclusion as this Court. For those reasons, the Court finds the Fourth Circuit's unpublished decisions not to be persuasive as to the proper interpretation of USSG § 4A1.2.

Third, the distinction between "sentence of imprisonment" and "term of imprisonment" drawn by the Fifth Circuit in Calmes, and by the Government here, cannot be supported, in light of the detailed textual analysis above. See Calmes, 1998 WL 224511, at *2-3; Gov't Br. 2-3.

Finally, the Government's remaining arguments, i.e., that the Ninth Circuit in Gonzales provided little basis for concluding that USSG § 4A1.2(b) applies to USSG § 4A1.2(c)(1), that it misunderstood the relevant definitions, and that an unprincipled approach to interpreting the Guidelines could create divergent interpretations,

---

[16] The Government conceded this point at oral argument.

do not help the Government. See Gov't Br. 4. First, the reasoning of Gonzales is helpful, even if it was incomplete. Second, the Ninth Circuit's analysis was, as explained herein, correct. Third, there is nothing "unprincipled" about the Ninth Circuit's interpretation, which comports with the Guidelines and the view of other Courts of Appeals. And, to the extent that inconsistent application of the Guidelines is a problem, incorrect application of the Guidelines is a greater one.

### C.    Edmonds' Sentences

Given the conclusion that suspended sentences do not count towards the thirty day threshold under USSG § 4A1.2(c)(1), the analysis in this case becomes rather straightforward. Edmonds' first sentence (Driving on Suspended License) resulted, in relevant part, in a sentence of 30 days, 20 days suspended. PSR 8. Edmonds' second sentence (Driving under Revocation or Suspension 4th Offense) resulted, in relevant part, in a sentence of 90 days, 80 days suspended. PSR 10. The active portion of both sentences was only 10 days. Hence, these sentences do not constitute a "term of imprisonment of at least thirty days" and were properly excluded under USSG § 4A1.2(c). See USSG § 4A1.2(c)(1).

**CONCLUSION**

In light of the foregoing, the Court overruled the Government's objection to the PSR (ECF No. 39) and adopted the Criminal History Category calculation of the PSR as written.

It is so ORDERED.

_____ /s/       *RE◊*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 24 2018